## T. M. COKER, ADMINISTRATOR, v. F. S. BRITT.

1. **LANDLORD AND TENANT.** *Assignee of rent note. Distress for rent. Code 1892, § 2501. Laws 1890, p. 67.*

   Under the act of 1890 (laws, p. 67) and code 1892, § 2501, so providing, the assignee of a rent note may distrain for the amount thereof.

2. **SAME.** *Supplies furnished by assignee.*

   The assignee of a rent note who has purchased the same and advanced supplies to the tenant on a parol agreement with the tenant that he should be subrogated to all the rights of the landlord in respect thereto, is not made landlord thereby, and is without right to distrain for the price of the supplies.

FROM the circuit court of Union county.

HON. Z. M. STEPHENS, Judge.

The appellant, Coker, administrator, was plaintiff, and the appellee, Britt, defendant in the court below. The opinion states the case.

*W. G. Bias*, for the appellant.

*Kennedy & Orum*, for the appellee.

TERRAL, J., delivered the opinion of the court.

F. S. Britt rented of Mrs. Smith, through her agent, Sanders, a farm in Union county, and gave his rent note for $50, dated March 23, 1898, and due on the fifteenth day of October, 1898. Britt agreed with J. A. Smallwood, a merchant in the vicinity of the farm, that, if Smallwood would take up his rent note and furnish him with supplies for the year, that he should be considered as his landlord for the year in reference both to the rent note and the supplies which he should furnish him, and this agreement and arrangement was intended to avoid the necessity of giving a mortgage to secure the supplies for the year. In accordance with this agreement and understanding, Smallwood made such advance of supplies to Britt as he required, paid to Sanders $50 on the rent note and took a transfer of it to himself. After paying a part of the rent note and a part of the amount due for supplies, and leaving a portion of each sum unpaid, Coker, the administrator of Smallwood, who had died, sued out an attachment for the balance due on the rent note and for supplies, amounting to $95.66. Britt replevied the property seized, and Coker had judgment before the justice of the peace.

On appeal to the circuit court, Britt recovered a verdict by peremptory instruction and had judgment accordingly. The peremptory instruction was error. Prior to 1890 rent was an incident of the reversion, and the assignee of the rent note could not distrain for its payment, but by chapter 51, acts 1890, any assignee or holder of a claim for rent was given the remedy of distress before that time exercisable only by the lessor or the assignee of the reversion, and this remedy is also secured to the assignee of the rent claim by § 2501, annotated code. It is obvious, therefore, that the administrator of Smallwood was entitled to distrain for any balance due on the rent note.

The advances made by Smallwood, however, would not support an attachment for rent. The agreement between Britt

and Smallwood did not make Smallwood landlord and Britt tenant. Smallwood was not landlord, and could not become so except by a purchase of the lands leased by Britt. No agreement between the parties could have such effect. The appellant should have recovered as to the rent note, and, for the error in this respect, the judgment is

*Reversed and a new trial is awarded.*